**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala,<br><br>　　　　Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>　　　　Defendants. | No. CV-19-00029-PHX-DWL<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Michael Petramala's motion for reconsideration. (Doc. 9.) As explained below, the motion will be granted in part and denied in part.

　　　　As background, on January 30, 2019, the Court issued a screening order dismissing Petramala's *pro se* complaint. (Doc. 7.) The screening order concluded that Count I of the complaint (a Second Amendment challenge to various Arizona and federal laws that prohibit the mentally ill from possessing firearms) was foreclosed by settled Supreme Court and Ninth Circuit law and that Petramala lacked standing with respect to Count II of the complaint (a constitutional challenge to Arizona's practice of requiring individuals seeking to restore their firearm rights to pay an initial filing fee) because judicially-noticeable records establish that he has repeatedly attempted to establish his competency and obtain the restoration of his firearm rights under A.R.S. § 13-925 and that the filing fees associated with that process haven't impaired his ability to seek relief. (*Id.*)

…

On February 4, 2019, Petramala filed three documents with the Clerk of Court. First, he filed a motion for reconsideration of the screening order. (Doc. 9.) Second, he filed a supplement to his motion for reconsideration. (Doc. 10.) Third, he filed a notice of appeal to the Ninth Circuit. (Doc. 11.) Petramala also filed a second supplement to his motion for reconsideration a few days later. (Doc. 12.)

As an initial matter, even though Petramala has filed a notice of appeal (a step that ordinarily divests a district court of jurisdiction over the underlying case), the Court retains jurisdiction to rule on the pending motion for reconsideration. Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)[1]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); Doc. 14 at 1 ("The [Ninth Circuit's] records reflect that the notice of appeal was filed during the pendency of a timely-filed motion listed in Federal Rule of Appellate Procedure 4(a)(4), and that motion is still pending in the district court. The February 4, 2019 notice of appeal is therefore ineffective until entry of the order disposing of the last such motion outstanding. Accordingly, proceedings in this court are held in abeyance pending the district court's resolution of the pending February 4, 2019 motion for reconsideration.").

On the merits, the Court is not persuaded it should reconsider its dismissal of Count I of the complaint. Although Petramala identifies various cases showing that it may be possible to assert an as-applied Second Amendment challenge, he overlooks that the Ninth Circuit has already rejected his attempt to raise such a challenge. *Petramala v. U.S. Dep't of Justice*, 481 Fed. App'x 395, 396 (9th Cir. 2012) ("The district court properly dismissed Petramala's Second Amendment claim because Petramala's inclusion in the National Instant Criminal Background Check System, after being adjudicated as a 'mental defective' under the Gun Control Act of 1968, imposed constitutionally permissible limits on his right

---

[1] One of the motions listed in Rule 4(a)(4)(A) is a motion "to alter or amend the judgment under Rule 59." Petramala's motion for reconsideration is a Rule 59(e) motion. *Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995).

to bear arms.").

As for Count II, Petramala contends he has standing because, among other things, "the filing fees complained of in this action [were] only recently . . . enacted" and these filing fees have prevented him from pursuing new restoration proceedings. (Doc. 9 at 3.) Liberally construed, these allegations (which were not asserted in the complaint) suggest Petramala may have standing to pursue Count II of his complaint. Accordingly, the Court is persuaded that it should reconsider its decision to dismiss Count II on standing grounds.

Nevertheless, another problem remains. The complaint identifies three defendants: (1) the State of Arizona, (2) the United States Attorney General, and (3) the United States. Dismissal is warranted as to the two federal defendants because Count II only challenges the filing fees charged by Arizona as part of its state restoration process. Moreover, Petramala's effort to sue "the State of Arizona" is improper under the Eleventh Amendment. *Cf. Mach v. Arizona*, 2011 WL 4101159, \*2-3 (D. Ariz. 2011) ("The State of Arizona and the Arizona Department of Corrections are not proper Defendants. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. . . . Therefore, . . . because Defendant State of Arizona is the only proper Defendant in Count Two, the Court will dismiss Count Two.").

This defect is potentially curable. Thus, the Court will reconsider its screening order to the extent it dismissed Count II of the complaint with prejudice. Within 30 days, Petramala may submit a first amended complaint to cure the deficiencies outlined above. A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

According, **IT IS ORDERED** that:

(1) Plaintiff's motion for reconsideration (Doc. 9) is **granted in part and denied in part**;

(2) The judgment (Doc. 8) is **vacated**; and

(3) The complaint (Doc. 1) is **dismissed** for failure to state a claim. The dismissal is with prejudice as to Count I and as to defendants the United States Attorney General and the United States. Plaintiff has **30 days** from the date of this Order to file a first amended complaint in compliance with this Order.

Dated this 15th day of February, 2019.

Dominic W. Lanza
United States District Judge

Cc: 9th Circuit Court of Appeals