**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala, | No. CV-19-00029-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

On January 2, 2019, Michael Petramala ("Plaintiff") filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1) and an application to proceed in forma pauperis (Doc. 2). In a January 30, 2019 Order, the Court granted Plaintiff's application to proceed and dismissed the complaint for failure to state a claim. (Doc. 7.) Although the initial dismissal order concluded the dismissal should be with prejudice, Plaintiff subsequently filed a motion for reconsideration. (Doc. 9.) In a February 15, 2019 Order, the Court granted the motion for reconsideration in part and gave Plaintiff 30 days to file a first amended complaint ("FAC"). (Doc. 15.)

Now pending before the Court is Plaintiff's FAC, which was filed on February 19, 2019. (Doc. 16.) As explained below, the Court will dismiss the FAC with leave to amend. Plaintiff will have 30 days to file a second amended complaint to cure the deficiencies identified in this order.

A.  <u>Statutory Screening of Complaints Filed By *Pro Se* Litigants</u>

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains

claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

B.   The FAC

In his FAC, Plaintiff names five defendants: (1) Judge Sam Myers, in his official capacity as an Arizona state judge; (2) the Maricopa County Superior Court; (3) Governor Doug Ducey, both in his personal capacity and in his official capacity as governor; (4) the

Maricopa County Board of Supervisors; and (5) the City of Scottsdale. (Doc. 16 at 1.)

Plaintiff alleges that Judge Myers was "assigned to Petramala's [National Instant Criminal Background Check System ("NICS")] removal state case and has blocked Petramala from obtaining NICS removal under A.R.S. § 13-925 due to $398.50 in filing fee and NICS expert witness costs." (*Id.* at 1.) Plaintiff alleges that state felons are allowed to seek removal from the NICS list without paying any fees and that it constitutes "invidious disability discrimination" to require mentally-ill individuals, such as Plaintiff, to pay such fees. (*Id.*)

Plaintiff next alleges that the Maricopa County Superior Court isn't immune from liability under the Americans with Disabilities Act ("ADA") and repeats his claim that it is unconstitutional to require mentally-ill individuals to pay fees associated with the firearm-restoration process when felons aren't required to pay such fees. (*Id.*)

Plaintiff next alleges that Doug Ducey is "responsible for receiving federal money" that is intended to benefit mentally-ill individuals seeking to restore their firearm rights and "also is responsible for the state budget implementation which subsume[s] NICS Improvement Act monies given to the state of Arizona." (*Id.* at 1-2.)

Plaintiff next alleges that the Maricopa County Board of Supervisors consists of five persons, each of whom is being sued in their official and personal capacities, "who are responsible for funding indigent expert witness appointments for mental defective NICS removals in Maricopa County pursuant to A.R.S. § 13-925 and the NICS Improvement Act." (*Id.* at 2.)

Plaintiff next alleges that the City of Scottsdale "is responsible for receiving NICS removal fees and for funding expert witnesses for mental defectives prior to a mental defective seeking NICS removal under A.R.S. § 13-925." (*Id.*)

In Count I of the FAC, Plaintiff asserts a claim under the ADA against all five defendants. (*Id.*) He contends that (1) the City of Scottsdale wrongfully prosecuted him, which resulted in his placement on the NICS list as a prohibited possessor, and (2) "*defendants* refused to appoint an expert witness and recently enacted a costly filing fee

for NICS removal actions which caused disability discrimination." (*Id.*, emphasis added.)

In Count II of the FAC, Plaintiff asserts a § 1983 claim against all five defendants premised upon violations of the Fourteenth Amendment's Due Process Clause and the Dormant Commerce Clause. (*Id.* at 3-5.) Specifically, he contends that "*Defendants* have enacted un unduly burdensome $398.50 fee" and that "*defendants* prevented Petramala from becoming re-competent by . . . requir[ing] Petramala to pay an untenable fee of $398.50." (*Id.* at 3-4, emphases added.) Later, he reiterates that "*Defendants* must not condition access to a NICS removal on prepayment fees or costs. *Defendants* have deprived Petramala of due process and equal protection by conditioning a NICS removal process on prepayment of $398.50." (*Id.* at 4, emphases added.) He further contends that the City of Scottsdale "filed the underlying misdemeanor case without probable cause [and] demanded $500 from Petramala prior to figuring out Petramala was indigent. So, but for indigence, had Petramala been able to pay Scottsdale $500 he never would have . . . been on NICS and never would have needed to [pay] $398.50 for NICS removal." (*Id.*)

C. <u>Analysis</u>

The FAC is deficient because, as noted in the italicized language above, it repeatedly lumps together all of the defendants as a collective whole—"Defendants"—without specifically alleging the role that each defendant played in causing Plaintiff's alleged injury. Most critically, the FAC fails to identify which public official or entity was responsible for implementing the policy that Plaintiff seeks to challenge in this case (*i.e.,* charging a filing fee to mentally-ill individuals seeking to restore their firearm rights). This pleading deficiency, standing alone, requires dismissal. *See, e.g., Dickenson v. Haga*, 2019 WL 416720, *3 (C.D. Cal. 2019) (dismissing complaint at the screening stage because "Plaintiff merely sets forth allegations as to actions taken by 'Defendants' as a collective group. Absent specific allegations identifying what actions each defendant took against Plaintiff and how such actions violated Plaintiff's rights, the Complaint fails to provide Defendants with fair notice of Plaintiff's claims or the grounds upon which they rest. As such, Plaintiff's claims against each individual defendant are subject to dismissal.")

(citation omitted); *De Cambra v. Sakai*, 2014 WL 3108002, *4 (D. Haw. 2014) ("Plaintiff simply . . . concludes that all Defendants, without differentiation, are liable to him for these alleged deprivations. . . . To state a claim, Plaintiff must demonstrate that each Defendant was personally involved in the alleged deprivations of his constitutional rights. . . . While Plaintiff's Complaint suggests that at least some of the conditions of confinement in SCC segregation may be unlawful . . . it contains no facts showing that any particular Defendant acted unlawfully . . . [and thus] stops short of the line between possibility and plausibility of entitlement to relief.") (citations and internal quotation marks omitted); *Harris v. Wells Fargo Bank, N.A.*, 2011 WL 6294249, *2 (E.D. Cal. 2011) ("Plaintiffs allegations fail to satisfy the liberal pleading standards as set forth in [*Twombly*] and [*Iqbal*]. Throughout the Complaint, Plaintiffs' allegations are confusing and conclusory, directed generally at multiple Defendants without differentiating between the actions of one defendant and another."); *Corazon v. Aurora Loan Services, LLC*, 2011 WL 1740099, *4 (N.D. Cal. 2011) ("Here, Plaintiff simply refers to 'Defendants' in nearly all of her allegations. . . . By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations, Plaintiff's Complaint violates Rule 8(a)(2) because it fails to provide [Defendant] with fair notice of its alleged misconduct.").

    The Court further notes that the cursory allegations concerning the Maricopa County Superior Court only address whether the court is subject to suit under the ADA—there are no factual allegations concerning the court's role, if any, in causing Plaintiff's injury. Similarly, the allegations concerning Governor Ducey and the Maricopa County Board of Supervisors, which broadly allude to those defendants' budget-related responsibilities, are too vague to satisfy *Iqbal/Twombley* and the Rule 8 pleading standard. *Cf. Chapa v. Alvarez*, 2013 WL 526456, *2 (D. Ariz. 2013) (dismissing complaint at screening stage against the Maricopa County Board of Supervisors because, "[a]lthough pro se pleadings are liberally construed, . . . Plaintiff has not alleged facts demonstrating that he was denied eyeglasses because of monetary decisions made by the Maricopa County Board of Supervisors").

Also, Plaintiff seems to be complaining about the City of Scottsdale's initial decision to prosecute him. This exceeds the scope of the leave to amend the Court granted. The Court granted Petramala leave to file an amended complaint containing only Count II of the original complaint (challenging Arizona's practice of requiring individuals seeking to restore their firearm rights to pay an initial court filing fee). Doc. 15 at 3 ("As for Count II, Petramala contends he has standing because, among other things, 'the filing fees complained of in this action [were] only recently . . . enacted' and these filing fees have prevented him from pursing new restoration proceedings. . . . Liberally construed, these allegations (which were not asserted in the complaint) suggest Petramala may have standing to pursue Count II of his complaint. Accordingly, the Court is persuaded that it should reconsider its decision to dismiss Count II on standing grounds.") Plaintiff does not have leave to include allegations against the City of Scottsdale challenging the City's decision to prosecute him. The Court notes that Petramala has previously raised such challenges and they have been dismissed.[1] To the extent Plaintiff alleges that "[t]he City of Scottsdale is responsible for receiving NICS removal fees and for funding expert witnesses for mental defectives prior to a mental defective seeking NICS removal under A.R.S. § 13-925" (Doc. 16 at 2), the allegation is confusing. Plaintiff has not clearly alleged whether the recently-enacted $398.50 filing fee, which is at the heart of this

---

[1] *See, e.g.*, *Petramala v. Scottsdale, City of et al*, 2:17-cv-2449-DLR, Docket No. 22 at 2 ("Plaintiff Michael Petramala brings claims pursuant to 42 U.S.C. § 1983 for violations of his Second and Fourteenth Amendment rights, and state law claims for negligence and malicious prosecution. He alleges that Flint, a Scottsdale city prosecutor, 'filed a bogus case against' him that later was dismissed in September 2004. He also claims that his placement in the National Instant Criminal Background Check System ('NICS') as a result of a finding of criminal incompetence by the Maricopa County Superior Court violates his constitutional rights. Plaintiff fails to state plausible claims to relief for several reasons. First, Plaintiff's allegations against Flint concern Flint's actions as a city prosecutor in initiating and prosecuting a case. Flint therefore is 'entitled to absolute [prosecutorial] immunity against constitutional torts.' Second, because Plaintiff's claims accrued in 2004, when his criminal case was dismissed and he was placed in the NICS, they are facially barred by the one-year statute of limitations applicable to claims against governmental entities or employees and the two-year statute of limitations applicable to § 1983 claims in Arizona. Third, Plaintiff's state law claims are barred because he did not timely file or serve Defendants with a notice of claim. Lastly, Plaintiff's complaint is devoid of factual allegations plausibly establishing that he was maliciously prosecuted or that his placement on the NICS was improper." (internal citations omitted)).

litigation, is a fee for filing an action in state or municipal court, and his allegations against various state and city entities seem to be at odds with one another.

Judge Sam Myers is the only defendant to which Petramala attributed specific conduct relating to his constitutional challenge of Arizona's practice of requiring individuals seeking to restore their firearm rights to pay an initial court filing fee. Petramala alleged that Judge Myers was assigned to Petramala's case but "blocked" him from obtaining relief "due to $398.50 in filing fee and NICS expert witness costs." (Doc. 16 at 1.) When a judge determines the proper disposition of a case pending before him, this is undoubtedly a judicial act, for which judges have absolute immunity from liability. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."). *See also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Thus, the claims against Judge Myers are barred.

D. Leave To Amend

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted) (affirming dismissal without leave to amend). "If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend before the final dismissal of the action." *Ball v. Cty. of Maricopa*, 2017 WL 1833611, *1 (D. Ariz. 2017). Here, it is possible that amendment could cure the deficiencies identified above, so the dismissal is without prejudice.

Plaintiff is granted leave to amend within the scope of this Order; that is, he may

file a Second Amended Complaint that challenges the imposition of a fee on individuals seeking to restore their firearm rights. The Second Amended Complaint must clarify what entity charges the $398.50 filing fee that is at the heart of this litigation.

Plaintiff's Second Amended Complaint must follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Additionally, Plaintiff is advised that his Second Amended Complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the Second Amended Complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in *separate and discrete numbered paragraphs*, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Plaintiff is advised that if he elects to file a Second Amended Complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file a Third Amended Complaint if the Second Amended Complaint is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*,

866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is advised of the Free Self-Service Clinic at the Phoenix courthouse. For information, visit the Court's internet site at: www.azd.uscourts.gov. Proceed to the box entitled *For Those Proceeding Without an Attorney* and then the link entitled *Federal Court Self Service Clinic - Phoenix.*

Accordingly,

**IT IS ORDERED** that the First Amended Complaint (Doc. 16) is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Judge Sam Myers is dismissed from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff has until **May 23, 2019** to file a second amended complaint in compliance with this Order.

**IT IS FURTHER ORDERED** that if Plaintiff files a second amended complaint, he may not serve it until after the Court screens it pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a second amended complaint by May 23, 2019, the Clerk of Court shall terminate the action on **May 24, 2019**.

Dated this 23rd day of April, 2019.

Dominic W. Lanza
United States District Judge